UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN M., et al.,<br><br>Defendants. | No. 2:15-cv-2493 KJM CKD P<br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names as defendants two deputy clerks of the Sacramento County Superior Court. His complaint "arises from an action in the Sacramento County Superior Court for conversion of a high performance automotive transmission." (ECF No. 1 at 5.) After plaintiff's case was dismissed as time-barred, plaintiff appealed. (Id.) Without his knowledge, the appellate court affirmed the judgment, and by the time he learned of it, it was too late to move for a rehearing. (Id. at 6.) He alleges defendants are responsible for the dismissal of his appeal because they failed to notify him of the appellate court's ruling as required by state law. (Id.) Plaintiff brings suit under the First and Fourteenth Amendments and the California Tort Claims Act. (Id. at 7.)

Absolute immunity has been granted to the President, judges, prosecutors, witnesses, officials performing quasi-judicial functions, and legislators. Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991). Because a clerk of court's duties are an integral part of the judicial process, they too have absolute immunity. Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987), cert. denied, 486 U.S. 1040. The Ninth Circuit has affirmed the dismissal of a § 1983

1  lawsuit against court clerks who allegedly failed to respond to a plaintiff's letters and failed to file

2  various motions and appeals.  Essell v. Carter, ––– Fed. Appx. ––––, 2011 WL 4498844 (9th Cir.,

3  September 29, 2011) (No. 10–55819).

4        Because both defendants are immune from suit, the complaint fails to state a cognizable

5  claim.  As it appears that another round of amendment would be futile, the undersigned will

6  recommend that this action be dismissed with prejudice for failure to state a claim.

7        In accordance with the above, IT IS HEREBY ORDERED that:

8        1.  Plaintiff's request for leave to proceed in forma pauperis is granted; and

9        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

10  shall be collected and paid in accordance with this court's order to the Director of the California

11  Department of Corrections and Rehabilitation filed concurrently herewith.

12        IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with prejudice

13  for failure to state a claim.

14        These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, plaintiff may file written objections

17  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

18  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

19  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

20  (9th Cir. 1991).

21  Dated:  January 29, 2016

22  _____
    CAROLYN K. DELANEY
23      UNITED STATES MAGISTRATE JUDGE

24

25

26

27  2 / witk2493.14.new

28

3