UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN M., et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2493 KJM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this action brought pursuant to 42 U.S.C. § 1983. The original complaint in this action was dismissed for failure to state a claim with leave to amend. (ECF No. 13.) Before the court for screening is plaintiff's First Amended Complaint ("FAC"). 28 U.S.C. § 1915A(a). (ECF No. 14.)

I. The FAC

Plaintiff names as defendants two deputy clerks of the Sacramento County Superior Court: Kevin M. and B. Loriga.[1] His complaint arises from an action in the Sacramento County Superior Court for conversion of a high performance automotive transmission. (Id. at 6.) After plaintiff's case was dismissed as time-barred, plaintiff appealed. (Id.)

On September 14, 2014, plaintiff submitted his opening brief to prison officials for

---

[1] Plaintiff does not name Loriga on the cover sheet of the FAC, but refers to this defendant in the body of the complaint. (ECF No. 14 at 6.)

1

mailing, and it was mailed to the superior court the next day. (Id.) On September 26, 2014, plaintiff received a Notice of Default from defendant Kevin M. informing him of procedural defects with the filing. (Id.) Plaintiff submitted the required documents to prison officials, and they were mailed to the court on October 1, 2014. (Id.) Plaintiff did not receive respondent's brief and inquired about the status of the appeal by sending two letters to the Clerk, but did not receive a response. (Id.) Plaintiff arranged to appear telephonically at a hearing on the appeal on February 20, 2015, but the hearing was cancelled. (Id.) Plaintiff moved for relief from the default dismissal and eventually received a minute order from defendant Loriga dated March 24, 2015 stating that "the Appellate Division resolved this appeal on the merits and issued a ruling on February 23, 2015 affirming the judgment."[2] (Id.)

Plaintiff alleges that defendants "failed to perform the purely ministerial function, required by California law, of filing the Appellate Division opinion on the merits and sending a copy to plaintiff." (Id. at 7.) "The failure to perform the mandatory function prevented plaintiff from timely moving for rehearing of the decision and caused his petition for transfer of the case to the Court of Appeal to be denied as untimely." (Id. at 8.) "Plaintiff's nonfrivolous legal claim was lost forever because of defendants' failure to perform a mandatory ministerial duty. . . . [B]ut for the actions of defendants, [plaintiff's] conversion claim would probably have succeeded." (Id.) Petitioner claims that this violated his right to procedural due process and violated the California Tort Claims Act. (Id. at 8-9.)

////

////

---

[2] The undersigned has reviewed documents attached to the FAC concerning plaintiff's appeal in Witkin v. Toelle, Case No. 34-2012-00117344 CL-BT-GDS in the Sacramento Superior Court, Appellate Division. These include a September 24, 2014 Notice of Default for failure to timely file the Appellant's Opening Brief, signed by defendant Kevin M. (id. at 22) and a March 24, 2015 judicial order issued by defendant B. Loriga, stating that the appeal was resolved on the merits on February 23, 2015, affirming the judgment. (Id. at 34.) In an April 10, 2015 judicial order issued by Loriga, plaintiff's Application for Certification was denied as untimely per the California Rules of Court. (Id. at 41.) In an April 20, 2015 order, plaintiff's petition for transfer was denied. (Id. at 42.)

II. Discussion

Traditionally it has been recognized that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, such as filing documents and giving notices. Mullis v. United States Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). After the decision in Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993), it has been recognized in the Ninth Circuit that court clerks who are performing tasks related to the judicial process of resolving disputes, and who retain some measure of discretionary judgment in performing those tasks, continue to be immune from suit. See Moore v. Brewster, 96 F.3d 1240, 1244-45 (9th Cir. 1996) (holding that a court clerk who assisted a judge by performing functions closely associated with the judicial process was entitled to absolute quasi-judicial immunity) (superceded by statute on other grounds); Faurot v. Barton, 2007 WL 3125078, *5 (E.D. Cal. Oct. 4, 2007) (superior court clerks immune from suit for rejecting plaintiff's petition on procedural grounds); see also Sharma v. Stevas, 790 F.2d 1486 (9th Cir.1986) (clerk of United States Supreme Court has quasi-judicial immunity); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979) (court clerk's "failure ... to perform a ministerial duty [giving notice of order] which was a part of judicial process is also clothed with quasi-judicial immunity"); Harmon v. Superior Court, 329 F.2d 154, 155 (9th Cir. 1964) (recognizing absolute immunity for county clerk and other judicial personnel).

Plaintiff argues that defendants failed to perform the mandatory functions of promptly filing the February 23, 2015 order denying his appeal and sending him a copy.[3] (See ECF No. 12.) However, as court clerks performing tasks integral to the judicial process with some measure of discretionary judgment, defendants are immune from suit on the facts alleged.

Even if they were not immune, plaintiff has not stated a § 1983 claim against either defendant. Indeed, he has not alleged a violation of his federal constitutional rights. Essentially, plaintiff asserts that superior court clerks did not follow a California Rule of Court, depriving him

---

[3] Cal. Rule of Court 8.887(b) provides: "The appellate division clerk must promptly file all opinions and orders of the court and promptly send copies showing the filing date to the parties and, when relevant, to the trial court."

of the opportunity to seek rehearing of a decision on the merits of his case. Alleged violations of state law, without more, do not rise to a federal claim under § 1983.

As it appears that another round of amendment would be futile, the undersigned will recommend that this action be dismissed with prejudice for failure to state a claim.

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / witk2493.14.new